Filing # 99491874 E-Filed 11/26/2019 02:40:29 PM

**IN THE CIRCUIT COURT FOR THE**
**THIRTEENTH JUDICIAL CIRCUIT IN AND FOR**
**HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

MEAHESHA CROWLEY,

        Plaintiff,

    vs.               CASE NO.:

FIFTH THIRD BANK, a Foreign Profit
Corporation,

           Defendant.        /

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MEAHESHA CROWLEY ("Plaintiff"), through undersigned counsel, files this

Complaint against Defendant, FIFTH THIRD BANK, a Foreign Profit Corporation,

("Defendant"), and states as follows:

1.      This is an action for damages in excess of $15,000.00, excluding attorney's fees

and costs

2.      Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred

in Hillsborough County, Florida.

3.      At all times material to this action, Plaintiff worked for Defendant in

Hillsborough County, Florida beginning in approximately October 2014 and ending on May 10,

2019.

4.      At all times material to this action, Plaintiff was employed by Defendant as

Financial Center Manager.

5.      At all times material to this action, FIFTH THIRD BANK was, and continues to

be a Foreign Profit Corporation operating as a financial institution providing an array of financial

needs to it customers within Tampa area. Specifically, Defendant operates at 4427 W. Kennedy

1

Blvd., Tampa, Florida 33609.

6.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 31, 2019. On August 28, 2019, the EEOC issued its right-to-sue letter which was received on September 6, 2019. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## STATEMENT OF FACTS

7.      During the relevant time period for this case, Plaintiff reported up to General Manager Demetrius Pettaway ("Pettaway").

8.      This cause of action arises out of the fact that Pettaway was actively engaging in a sexual relationship with one of Plaintiff's female subordinates, Sarah Roman-McHenry ("Roman-McHenry").

9.      Pettaway and Roman-McHenry constantly made Plaintiff and other employees extremely uncomfortable with their overly sexual public displays of affection.

10.     Plaintiff and other employees found Pettaway's and Roman-McHenry's overt conduct extremely offensive and unwelcome at the bank branch.

11.     Additionally, as a result of her romantic relationship with Pettaway, Roman-McHenry received special treatment from Pettaway in the form of awards, bonuses and other rewards like a free vacation to which Roman-McHenry would not have received, but for her romantic relationship with Pettaway.

12.     Roman-McHenry's special treatment by Pettaway was a quid pro quo for sexual favors.

13.     Pettaway awarded Roman-McHenry several bonuses once their sexual relationship began, including a free all-expense paid trip she should not have been entitled to.

2

14.    For instance, on multiple occasions Pettaway manipulated performance records in order to award Roman-McHenry certain bonuses that she was not entitled to.

15.    Pettaway's actions ensured female employees willing to engage in sexual favors would receive company bonuses, despite their performance records or qualifications.

16.    Other employees, including, but not limited to, qualified male employees were now no longer given a fair chance to receive many of the company's bonuses due to Pettaway's unlawful conduct.

17.    In addition, Plaintiff on numerous occasions tried to discipline Roman-McHenry for performance issues.

18.    Plaintiff brought these issues up to Pettaway, however, Pettaway responded by demanding Plaintiff to leave Roman-McHenry alone and provide her with a positive review instead.

19.    Thus, the terms and conditions of Plaintiff's employment as the branch manager for bank were materially altered by Pettaway as he did not allow her to freely perform her duties due to the unlawful preferential treatment he was providing to Roman-McHenry.  At one point, Mc-Henry was photographed on her cellphone while at her desk, which was something she would do constantly and for taking multiple paid lunch breaks without clocking out, but no actions were taken against her after this was reported to Defendant.

20.    Further, Pettaway disputed all of Plaintiff's and other employee's complaints about Roman-McHenry's performance or behavior.

21.    Pettaway prevented any one from disciplining Roman-McHenry.

22.    Disciplining subordinates is an essential function of Plaintiff's position, which is required to ensure the orderly operation of the branch.

3

23.    As a result of disregarding Plaintiff's complaints and his offensive actions, on or about February 28, 2019, Plaintiff submitted a written complaint which was then forwarded to Judy Littlemer ("Littlemer"), Human Resources, regarding the events described above.

24.    Defendant's HR allegedly began an investigation into Plaintiff's complaint, but Defendant's investigation was bias and unfair from the start since the lead investigator Suzanne Parker ("Parker") was close personal friends with Pettaway.

25.    Additionally, the investigation was being conducted mere feet from Pettaway's office since Parker's office is adjacent to Pettaway's.    Upon learning that Parker would be investigating her complaints, Plaintiff reported this bias and requested someone else to investigate the issues she raised, but this request was denied by Defendant.

26.    Thereafter, as expected by Plaintiff, Parker failed to interview a single employee involved, other than Pettaway or Roman-McHenry.    Clearly, Parker was bias in favor of Pettaway to protect her friend.

27.    Immediately following Plaintiff's complaint to HR, Pettaway began to write Plaintiff up for trivial issues -- issues which were never brought up prior to Plaintiff's complaint and which were not issues which other employees were written up for.

28.    Eventually, to protect his unlawful relationship with Roman-McHenry, Pettaway moved Roman-McHenry to another branch, but that only made matters worse for Plaintiff.

29.    Despite moving Roman-McHenry, Pettaway keep attributing her salary to Plaintiff's branch which prevented the branch from hiring any additional employees causing Plaintiff to be, at times left alone to handle all of the bank's foot traffic by herself.

30.    This understaffing lead to Plaintiff being forced to work without proper bathroom breaks, lunch breaks, or any form of break, since there was no one else around able to cover the

4

branch in her absence.  Again, Pettaway was materially altering the terms and conditions of Plaitniff's employment by leaving her intentionally short-handed and staffed at the branch.

31.     On May 10, 2019, Plaintiff was unexpectedly called into a meeting with Defendant's HR representatives Parker and Megan Ruhul ("Ruhul").

32.     During that meeting Plaintiff was told that an investigation into Plaintiff's complaint had concluded.  Meanwhile, Plaintiff knew for a fact that Parker refused to speak to the employees she listed as her witnesses.

33.     Parker and Ruhul stated Plaintiff's complaint of lack of support at the branch was unsubstantiated.

34.     Plaintiff quickly protested this, explaining that is not at all what Plaintiff's complaint to HR was remotely about.

35.     At this point, Ruhul asked Plaintiff, "Have you ever thought about putting in your two-weeks' notice?"

36.     Plaintiff was shocked and confused by this.  Accordingly, Plaintiff told Ruhul that she refused to consider putting in her two-week notice and asked why she would quit when she was not the issue.

37.     Plaintiff was then fired immediately after she refused to put in her two-week notice in retaliation for her complaints regarding Pettaway's offensive and unlawful romantic relationship which resulted in unlawful disparate treatment in favor of females over males in violation of Title VII and the Florida Civil Rights Act.

## COUNT I
## RETALIATION IN VIOLATION OF THE FCRA

38.     Plaintiff re-alleges and adopts paragraphs (1) – (37) as though set fort fully herein.

39.     Plaintiff is a member of a protected class under the FCRA because she engaged in protected activities.

40.     Plaintiff engaged in protected activity when she complained to HR about the sex discrimination that male employees were experiencing as a result of Pettaway's unlawful romantic relationship with Roman-McHenry which resulted in discriminatory treatment.

41.     Pettaway's treatment of Plaintiff became worse after her complaint.

42.     Plaintiff was written up for trivial issues – which were not issues prior to Plaintiff's complaint and were for things other employees were not written up for.

43.     Additionally, Pettaway ensured that Plaintiff was unable to have any breaks while at work by understaffing the branch and hamstringing her labor budget.

44.     Plaintiff was then terminated for her complaint.

45.     By the conduct described above, Defendant engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities by reporting the discriminatory conduct by Pettaway and the hostile work environment which his romantic relationship with Roman-McHenry was causing.

46.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under state law.

        **WHEREFORE** Plaintiff, MEAHESHA CROWLEY, demands judgment against Defendant, FIFTH THIRD BANK, for back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, prejudgment interest, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

6

## COUNT II
## VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER
## ACT, FLA STAT §448.102

47.    Plaintiff re-alleges and incorporates all allegations contained within Paragraphs (1) through (37), above, as if fully set forth herein.

48.    Florida Statute §448.102(3) expressly provides that an employer may not take any retaliatory action against an employee because the employee has: "[o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

49.    At all times material to this action, Plaintiff was an employee of Defendant within the meaning of Florida Statutes §448.101(2).

50.    At all times material to this action, Defendant was an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

51.    Defendant violated Florida Statutes §448.102(2) by taking retaliatory personnel actions against MEAHESHA CROWLEY due to her complaints to Human Resources regarding violations state laws which prohibit sex discrimination.

52.    Defendant and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendant contributed to Plaintiff's damages, injuries, and losses.

7

53.    As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

**WHEREFORE** Plaintiff, MEAHESHA CROWLEY, demands judgment against Defendant, FIFTH THIRD BANK, for back pay, front pay in lieu of reinstatement, compensatory damages, prejudgment interest, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

**COUNT III**
**SEX DISCRIMINATION IN VIOLATION OF**
**FCRA – HOSTILE WORK ENVIORMENT**

54.    Plaintiff re-alleges and adopts paragraph (1) – (37) as though set forth fully herein.

55.    Plaintiff is a member of a protected class due to her complaints in regards to the ongoing sex discrimination and because she found Pettaway's openly romantic relationship with one of her subordinates to be highly offensive.

56.    Based on the described conduct above, Plaintiff was subjected to a hostile work environment based on her sex.

57.    The above described retaliatory conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sex.

58.    The conduct by Pettaway and other employees of Defendant was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

59.    Plaintiff's wages and benefits were impacted and Plaintiff's work environment was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

8

60.    Defendant knew or should have known of the hostile work environment.

61.    The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under state law.   As a direct and proximate result of the defendant's conduct described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE** Plaintiff, MEAHESHA CROWLEY, demands judgment against Defendant, FIFTH THIRD BANK, for back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, prejudgment interest, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 26th day of November, 2019.

Respectfully submitted,

/s/ **Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone:  (407) 204-2170
Facsimile:  (407) 245-3401
E-mail: gschmitz@forthepeople.com
        mbarreiro@forthepeople.com
*Attorney for Plaintiff*

9